718 So.2d 376 (1998)
J. Fernando BANDERAS, Appellant,
v.
ADVANCE PETROLEUM, INC., a Florida corporation, Appellee.
No. 97-1538.
District Court of Appeal of Florida, Third District.
October 7, 1998.
*377 Lionel Barnet, Miami, for appellant.
Haber, Lewis & Pathman and David B. Haber and Roger A. Slade, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.

ON ORDER TO SHOW CAUSE AND RESPONSE THERETO
PER CURIAM.
This court having received and considered "LIONEL BARNET'S RESPONSE TO ORDER TO SHOW CAUSE" finds that the said response is insufficient to the extent that it seeks to persuade this Court not to impose sanctions in connection with the Motion for Rehearing filed by Mr. Barnet.
To the contrary, the said response merely attempts to explain and justify the language used by Mr. Barnet in the Motion. In some respects, the response makes Mr. Barnet's conduct appear to be even more egregious. For example, the first line on page two of the response states: "My intent in writing the Motion was based on my belief that my comments and criticism did not exceed the boundaries of truth ...". In addition, the second sentence of the second paragraph on page two of the response states: "I do not believe that what I wrote could be construed as being false ...". Since Mr. Barnet's response attempts to reaffirm his belief in the statements that he made in his Motion, the Court continues to be offended by the language contained in the Motion for Rehearing (which language, as indicated above, Mr. Barnet continues to affirm), such as the verbiage found in paragraph six of the Motion for Rehearing wherein Mr. Barnet states: "... it would appear to be an exercise in futility to even try and get a fair hearing before this Court ..." and, as stated at the end of paragraph four of this same Motion, "We do not come to hear Nothing, which is precisely what a Per Curiam Affirmed opinion tells us, NOTHING! What a cop-out".
Accordingly, pursuant to Rule 9.410 of the Florida Rules of Appellate Procedure, and because of the findings that we made in our Order To Show Cause filed on September 9, 1998, which we reaffirm herein, Mr. Lionel Barnet is ordered to pay $2,500.00 to the Clerk of this Court, within THIRTY (30) days of the filing of this opinion, as a sanction for the filing of the above-described Motion for Rehearing which we have found to be both frivolous and insulting to this Court.